IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-_____

JOSHUA PEMBERTON, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

DYNASTY ENERGY SERVICES, LLC, a Louisiana limited liability company, and SLAUGH FISHING SERVICES, INC., a Utah corporation,

    Defendants

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Joshua Pemberton, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against Dynasty Energy Services, LLC and Slaugh Fishing Services, Inc. (collectively, "Dynasty").

## STATEMENT OF THE CASE

1.    The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA") and analogous state laws contain various rules regarding employee wages and working hours. Dynasty violated these laws by misclassifying employees as independent contractors and failing to pay these employees premium pay for all overtime hours worked. In addition, even though Dynasty recently reclassified these workers as employees, it has continued to refuse them overtime pay. This action seeks

1

to recover damages and backpay to compensate all current and former employees of Dynasty for these wage violations.

## **PARTIES, JURISDICTION, AND VENUE**

2.  Plaintiff, a former employee of Dynasty, is an individual and resident of the State of Utah.

3.  Defendant Dynasty Energy Services, LLC is a limited liability company organized under the laws of the State of Louisiana with its place of business located at 219 North Timberline Road, Fort Collins, Colorado 80524.  At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4.  Defendant Slaugh Fishing Services, Inc. is a corporation organized under the laws of the State of Utah with its place of business located at 219 North Timberline Road, Fort Collins, Colorado 80524.  At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

5.  In January 2017, Dynasty Energy Services, LLC acquired Slaugh Fishing Services, Inc. along with its locations in Vernal, Utah; Fort Collins, Colorado; and Watford City, North Dakota.[1]

6.  This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

---

[1] http://www.dynastyenergyservices.net/news/dynastybuysslaughfishing

## FACTUAL BACKGROUND

7. Dynasty provides fishing and rental tools to oil companies in North Dakota, Utah, Colorado, New Mexico, Texas, Mississippi and Louisiana. Plaintiff worked in Dynasty out of its Fort Collins, Colorado office as a "fisherman".

8. Although Plaintiff was required to work more than forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for overtime hours. Instead, Plaintiff was paid a flat daily rate and salary for all hours worked, regardless of how many hours he actually worked. That is, Dynasty paid Plaintiff straight time for overtime.

9. For part of Plaintiff's employment, Dynasty refused to pay overtime to Plaintiff because it classified him as an independent contractor rather than an employee. In reality, however, Plaintiff was an employee and, therefore, was entitled to overtime premium pay.

10. Dynasty classified Plaintiff and other employees as independent contractors to avoid its obligations to pay employees the overtime premium as well as to reap other benefits of such illegal classification such as reduce tax liability, avoid paying workers' compensation insurance, and other forms of insurance and to pass on Dynasty's operations costs to its work force.

11. Among other things, the following conduct demonstrates that Dynasty acted as Plaintiff's employer:

    a. Dynasty forbade Plaintiff from working for competing companies.

    b.    Dynasty directed Plaintiff as to when, where and how to perform his work.

    c.    Dynasty controlled the amount of hours Plaintiff worked.

    d.    Dynasty dictated the locations at which Plaintiff worked.

    e.    Plaintiff's services were integrated into Dynasty's operations.

    f.    Plaintiff was required to perform his work in an order set by Dynasty.

    g.    Plaintiff had no opportunity to increase his profit through his work.

    h.    Dynasty maintained the right to discharge Plaintiff at will.

    i.    Dynasty prevented Plaintiff from hiring assistants.

12.    On information and belief, Dynasty recently converted all of its independent contractors to employees. Despite doing so, however, Dynasty has continued to pay the employees a salary and day rate, *i.e.*, Dynasty still does not pay the overtime premium for overtime hours worked.

## **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

13.    Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER DYNASTY EMPLOYEES
> WHO WERE NOT COMPENSATED PROPERLY FOR ALL
> OVERTIME HOURS WORKED

14. This action is properly brought as a class action for the following reasons:

    a. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that there over one-hundred Class Members.

    b. Numerous questions of law and fact regarding the liability of Dynasty are common to the Class and predominate over any individual issues which may exist.

    c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Dynasty's own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

    e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members

      which would establish incompatible standards of conduct for Dynasty.

    f.    The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    g.    Dynasty acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

15. For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Dynasty's common practice, policy or plan regarding employee wages and hours.

## **FIRST CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq.*)**

16. Plaintiff incorporates by reference all of the above paragraphs.

17. At all relevant times, Dynasty has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act. At all relevant times,

Dynasty has employed, and/or continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

18.     Plaintiff was an employee of Dynasty within the meaning of the Wage Claim Act.

19.     As a result of the foregoing conduct, as alleged, Dynasty has failed to pay wages due under the Wage Claim Act, Minimum Wage Act and FLSA thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

20.     As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked that were not compensated properly. This demand for payment is continuing and is made on behalf of any current Dynasty employees whose employment terminates at any time in the future. Such payment should be made care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act, § 8-6-101, *et seq.*)**

21.     Plaintiff incorporates by reference all of the above paragraphs.

22.     At all relevant times, Dynasty has been, and continues to be, an "employer" within the meaning of the Colorado Minimum Wage Act.

23.     At all relevant times, Dynasty has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

24. Plaintiff was an employee of Dynasty within the meaning of the Minimum Wage Act,

25. As a result of the foregoing conduct, as alleged, Dynasty has violated, and continues to violate, the Minimum Wage Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)**

27. Plaintiff incorporates by reference all of the above paragraphs.

28. At all relevant times, Dynasty has been, and continues to be, an "employer" within the meaning of the FLSA.

29. At all relevant times, Dynasty has been an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

30. At all relevant times, Dynasty has had gross volume of sales in excess of $500,000.

31. At all relevant times, Dynasty has employed, and/or continues to employ, non-exempt "employees," including Plaintiff.  Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

32. Plaintiff was an employee of Dynasty within the meaning of the FLSA.

33. While employed by Dynasty, Plaintiff was engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA.

34. As a result of the foregoing conduct, as alleged, Dynasty has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

35. As a result, Plaintiff has been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
**(Violation of Certain State Overtime/Minimum Wage Laws)**

36. Plaintiff incorporates by reference all of the above paragraphs.

37. The conduct alleged above also constitutes a violation of the laws of certain states with overtime/minimum wage laws analogous to the FLSA. On information and belief, Dynasty engaged in the conduct described above at locations in North Dakota, Utah, New Mexico, Texas, Mississippi and Louisiana as well as other states

38. Therefore, Dynasty violated the applicable overtime/minimum wage laws in each of the states where it does business, including North Dakota's wage law, N.D.C.C 34-01, *et seq*.; the Utah Payment of Wages Act, Utah Code §34-28-1, *et seq*.; and the New Mexico Minimum Wage Act, NM Stat. 50-4-1, *et seq*. Dynasty failed to pay the applicable state minimum wage rate and/or the overtime required by state law.

39. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Dynasty as follows:

1. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of November, 2017.

                    *s/Brian D. Gonzales*
                    _____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80524
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" Id. at Standard 29.

Various kinds of electronic data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and putative opt-in plaintiffs and/or class members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to classify workers as independent contractors;

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority when deciding to classify workers as independent contractors;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff, putative opt-in plaintiffs or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to

>                Defendants' compliance with the Fair Labor Standards Act and/or state laws; and

> -              Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved.  Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above.  Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format.  These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence.  Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage.  In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.