**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-02654-CMA-STV

JOSHUA PEMBERTON,
on his own behalf and on behalf of all similarly situated persons,

      Plaintiff,

vs.

DYNASTY ENERGY SERVICES, LLC, a Louisiana limited liability company, and
SLAUGH FISHING SERVICES, INC., a Utah corporation

      Defendants.

---

**ANSWER TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**

---

Pursuant to Fed. R. Civ. P. 8 and 12, Defendants Dynasty Energy Services, LLC ("Dynasty"), and Slaugh Fishing Services, Inc. ("Slaugh") (collectively, "Defendants"), by and through their undersigned attorneys, Holland & Hart, LLP, hereby respectfully file this Answer to Plaintiff's Class and Collection Action Complaint

## STATEMENT OF THE CASE

1.      Answering paragraph 1, Defendants admit that the FLSA and analogous state laws contain rules regarding employee wages and work hours and that this action seeks to recover damages for alleged wage violations.  Defendants deny that they violated the FLSA or any analogous state laws or are liable therefor.  Except as is expressly admitted herein, Defendants deny the remaining allegations in paragraph 1, including any and all legal conclusions contained therein.

## PARTIES, JURISDICITON, AND VENUE

2.     Answering paragraph 2, Defendants admit, upon information and belief, that Plaintiff Pemberton is an individual and resident of the State of Utah, and that he formerly provided services to Defendant Dynasty.  Except as is expressly admitted herein, Defendants deny the remaining allegations in paragraph 2.

3.     Answering paragraph 3, Defendants admit that Defendant Dynasty is a Louisiana limited liability company, and that, at certain times, Defendant Dynasty and/or Defendant Slaugh have conducted business in the State of Colorado, including at 219 North Timberline Road, Fort Collins, Colorado 80524.  Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 3.

4.     Answering paragraph 4, Defendants admit that Defendant Slaugh is Utah corporation.  Defendants further admit that, at certain times, Defendant Slaugh has been located in and conducted business in the State of Colorado, including at 219 North Timberline Road, Fort Collins, Colorado 80524.  Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 4.

5.     Answering paragraph 5, Defendants admit that Defendant Dynasty acquired Defendant Slaugh in or around January 2017, including Defendant Slaugh's locations in or around Vernal, Utah, Fort Collins, Colorado, and Arnegard, North Dakota. Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 5.

6.     Answering paragraph 6, Defendants admit that this Court has jurisdiction over the parties and subject matter of this action and that venue is proper in this Court.

## FACTUAL BACKGROUND

7.        Answering paragraph 7, Defendants admit that Defendants Dynasty and/or Slaugh provide fishing and/or rental tools to companies in North Dakota, Utah, Colorado, New Mexico, Texas, Mississippi, and Louisiana.  Defendants further admit that, at various times, Plaintiff Pemberton provided services to Defendant Dynasty out of Defendant Slaugh's Fort Collins, Colorado, office as a Fishing Tool Supervisor.  Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 7.

8.        Answering paragraph 8, Defendants admit that Defendant Dynasty paid Plaintiff Pemberton a combination of fixed and variable compensation.  Defendants state that the remaining allegations in paragraph 8 constitute legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.  Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 8.

9.        Answering paragraph 9, Defendants admit that Defendant Dynasty did not pay overtime to Plaintiff Pemberton.  Defendants state that the remaining allegations in paragraph 9 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein. Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 9.

10.        Answering paragraph 10, Defendants deny the allegations contained therein.

11.     Answering paragraph 11, Defendants deny the allegations contained therein.

12.     Answering paragraph 12, Defendants deny the allegations contained therein.

## COLLECTION AND CLASS ACTION ALLEGATIONS

13.     Answering paragraph 13, Defendants admit that Plaintiff Pemberton purports to bring this action as a Fed. R. Civ. P. 23 class action for which he seeks certification.  Defendants further admit that Plaintiff Pemberton purports to preliminarily define the class as recited in paragraph 13.  Defendants deny that class certification is appropriate or that the requirements of Fed. R. Civ. P. 23 are satisfied.

14.     Answering paragraph 11, Defendants deny the allegations contained therein.

15.     Answering paragraph 15, Defendants admit that Plaintiff Pemberton seeks certification of an FLSA collective action.  Defendants deny that certification of an FLSA collective action is appropriate.  Defendants further deny that Plaintiff Pemberton's claims "are nearly identical to those of other Class Members," or that Plaintiff Pemberton and "Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to [Defendant] Dynasty's common practice, policy or plan regarding employee wages and hours."  Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 15.

## FIRST CLAIM FOR RELIEF
### (Violation of Colorado Wage Claim Act, § 8-4-101 et seq.)

16.     Answering paragraph 16, Defendants incorporate by reference all their answers to the above paragraphs.

17.     Answering paragraph 17, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

18.     Answering paragraph 18, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

19.     Answering paragraph 19, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein. Defendants further expressly deny that they violated any laws or did so knowingly, willfully, and/or with reckless disregard of applicable law.

20.     Answering paragraph 20, Defendants admit that Plaintiff Pemberton seeks damages in this action and purports to demand these damages both on his own behalf, and on behalf of "all Class Members."  Defendants deny that Plaintiff Pemberton or the purported class members have been damaged, or that Defendants are liable therefor. Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 20.

## SECOND CLAIM FOR RELIEF
### (Violation of Colorado Minimum Wage Act, § 8-6-101 et seq.)

21.     Answering paragraph 21, Defendants incorporate by reference all their answers to the above paragraphs.

22.     Answering paragraph 22, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

23.     Answering paragraph 23, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

24.     Answering paragraph 24, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

25.     Answering paragraph 25, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein. Defendants further expressly deny that they violated any laws or did so knowingly, willfully, and/or with reckless disregard of applicable law.

26.     Answering paragraph 26, Defendants deny the allegations contained therein.

## THIRD CLAIM FOR RELIEF
### (Violation of Fair Labor Standard Act, 29 U.S.C. § 201, et seq.)

27.     Answering paragraph 27, Defendants incorporate by reference all their answers to the above paragraphs.

28.     Answering paragraph 28, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

29.     Answering paragraph 29, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

30.     Answering paragraph 30, Defendants admit that, at certain times, Defendant Dynasty has had gross volume of sales in excess of $500,000.  Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 30.

31.     Answering paragraph 31, Defendants admit, upon information and belief, that Plaintiff Pemberton consents to sue in this action.  Defendants state that remaining allegations in paragraph 31 constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the remaining allegations contained therein.  Except as is expressly admitted herein, Defendants deny the remaining allegations of paragraph 31.

32.     Answering paragraph 32, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

33.     Answering paragraph 33, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

34.     Answering paragraph 34, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein. Defendants further expressly deny that they violated any laws or did so knowingly, willfully, and/or with reckless disregard of applicable law.

35.     Answering paragraph 35, Defendants deny the allegations contained therein.

### FOURTH CLAIM FOR RELIEF
### (Violation of Certain State Overtime/Minimum Wage Laws)

36.     Answering paragraph 36, Defendants incorporate by reference all their answers to the above paragraphs.

37.     Answering paragraph 37, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

38.     Answering paragraph 38, Defendants state that allegations contained therein constitute legal conclusions and that no response is required thereto.  To the extent a response is required, Defendants deny the allegations contained therein.

39.     Answering paragraph 39, Defendants deny the allegations contained therein.

## ANSWER TO ALL ALLEGATIONS

Defendants state that any allegations not specifically admitted above are denied.

## REQUEST FOR RELIEF

Defendants deny that Plaintiff Pemberton and/or the purported class members are entitled to any damages or other relief as requested the "Request for Relief" section on page 10 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton and/or the purported class members have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton and/or the purported class members have failed to properly exhaust their administrative and/or statutory remedies.

## THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton's and/or the purported class members' claims are precluded by the applicable statutes of limitation and/or the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton is not proper class representatives and that this lawsuit may not properly be certified as a class action.

## FIFTH AFFIRMATIVE DEFENSE

Defendants allege that the requirements for a class action cannot be satisfied in this action for reasons including, but not limited to, impracticability, lack of common interest, lack of typicality, lack of numerosity, and/or inadequate representation.

## SIXTH AFFIRMATIVE DEFENSE

Defendants allege that, to the extent Plaintiff Pemberton purports to plead in a representative capacity, he is not similarly situated to the purported class members he seeks to represent.  No community of interest exists between or among Plaintiff Pemberton or any allegedly similarly situated individuals, and representative treatment is neither a superior nor a suitable means of adjudicating claims alleged in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that this action may not proceed as a collective action under the FLSA because all requirement of 29 U.S.C. § 216 for a collective action have not been and cannot be satisfied.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton and/or all purported class members have already been fully compensated pursuant to the FLSA and/or any analogous state law.

## NINTH AFFIRMATIVE DEFENSE

Defendants allege neither Plaintiff Pemberton nor any purported class members are "employees" within the meaning FLSA and/or any analogous state law.

## TENTH AFFIRMATIVE DEFENSE

Defendants allege that they, either individually or jointly, are not "employers" of Plaintiff Pemberton and/or any purported class members within the meaning of the FLSA and/or any analogous state law.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton and/or all purported class members were independent contractors and thus not covered by the FLSA and/or any analogous state law.

## TWLEFTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that they were "employees" under the FLSA and/or any analogous state law, Defendants allege that Plaintiff Pemberton and/or all purported class members were employed in positions that were exempt from overtime requirements under the FLSA and/or any analogous state law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that they were "employees" under the FLSA and/or any analogous state law, Defendants allege that Plaintiff Pemberton and/or all purported class members were exempt from overtime compensation under the FLSA and/or any analogous state law pursuant to the administrative employee exemption.

## FOURTEENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that they were "employees" under the FLSA and/or any analogous state law, Defendants allege that Plaintiff Pemberton and/or all purported

-11-

class members were exempt from overtime compensation under the FLSA and/or any analogous state law pursuant to the highly compensated employee exemption.

## FIFTEENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that they were "employees" under the FLSA and/or any analogous state law, Defendants allege that Plaintiff Pemberton and/or all purported class members were exempt from overtime compensation under the FLSA and/or any analogous state law pursuant to the professional employee exemption.

## SIXTEENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that they were "employees" under the FLSA and/or any analogous state law, Defendants allege that Plaintiff Pemberton and/or all purported class members were exempt from overtime compensation under the FLSA and/or any analogous state law pursuant to the commission sales exemption.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that they were "employees" under the FLSA and/or any analogous state law, Defendants allege that Plaintiff Pemberton and/or all purported class members were exempt from overtime compensation under the FLSA and/or any analogous state law pursuant to the Motor Carrier Act exemption (as interstate drivers, driver helpers, loaders, and/or mechanics of motor carriers).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton and/or the purported class members have suffered no damages as a result of any claim contained in the complaint.

-13-

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that any damage, injury, or loss sustained by Plaintiff Pemberton and/or the purported class members was caused by intervening or superseding events for which Defendants bear no liability.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton's and/or the purported class members' damages, if any, are too speculative to be awarded.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton's and/or the purported class members' damages, if any, are limited by any applicable statutory cap.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton's and/or the purported class members' damages, if any, must be reduced by amounts received by collateral sources.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton's and/or the purported class members' damages, if any, must be reduced by set-offs in amounts of other monies they received, including, but not limited to, unemployment compensation, social security compensation, and/or other wages and/or salaries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff Pemberton and/or the purported class members have failed to mitigate their alleged damages, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that they acted at all times in good faith and in accordance with their legal rights under the FLSA and/or any analogous state law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that they committed no knowing, willful, reckless and/or malicious acts entitling Plaintiff Pemberton and/or the purported class members to punitive damages under the FLSA and/or any analogous state law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege, assuming *arguendo* there is an wage violation, that Defendants at all times had a good faith and reasonable belief that they had compensated Plaintiff Pemberton and/or the purported class members in accordance with the FLSA and/or any analogous state law and that, therefore, no liquidated damages are due.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that any alleged violation of the FLSA and/or any analogous state law were not willful and that Plaintiff Pemberton's and/or the purported class members' claims are therefore limited to the applicable statutory period. *See, e.g.*, 29 U.S.C. § 255 (two-year period).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants allege that any action taken by them in connection with Plaintiff Pemberton's and/or the purported class members' compensation was done in good faith

conformance with and/or reliance upon written or other administrative regulations, orders, rulings, or interpretations of applicable governmental agencies.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants reserve their right to assert additional defenses as discovery proceeds.

WHEREFORE, Defendants seeks judgment against Plaintiff Pemberton and an Order from this Court:

      a.    Dismissing Plaintiff Pemberton's Class and Collective Action Complaint with prejudice;

      b.    Awarding Defendants their attorneys' fees, costs, and expenses to the extent permitted by law; and

      c.    Awarding Defendants such other and further relief as this Court deems just and proper.

Dated:  January 10, 2018.

Respectfully submitted,

*s/ John M. Husband*
**John M. Husband**
Bradford J. Williams
Holland & Hart, LLP
555 17th Street, Suite 3200
Denver, Colorado 80202-3979
Telephone: (303) 295-8228 (Husband)
Telephone: (303) 295-8121 (Williams)
FAX: (303) 975-5381 (Gutierrez)
FAX: (303) 223-3271 (Williams)
E-mail: jhusband@hollandhart.com
bjwilliams@hollandhart.com

-16-

**ATTORNEYS FOR DEFENDANTS DYNASTY ENERGY SERVICES, LLC, AND SLAUGH FISHING SERVICES, INC.**

-17-

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2018, I filed foregoing on the following via

CM/ECF which will effect service upon:

Brian David Gonzales
Brian D. Gonzales, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Tel:  (970) 214-0562
Fax:  (303) 212-3301
Email: BGonzales@ColoradoWageLaw.com

**ATTORNEYS FOR PLAINTIFF JOSHUA PEMBERTON**


*s/ Elizabeth Marsiglia*
Elizabeth Marsiglia

10520618_1